District Attorney — Investigator — County Liability A District Attorney may request a district investigator even though such an employment would cause the total number of employees of the District Attorney's office to exceed the total number employed by the County Attorney's offices within the district prior to the effective date of 19 O.S. 215.1 [19-215.1] — 19 O.S. 215.21 [19-215.21] [19-215.21] (1968), and each county is obligated for its proportionate share of the salary. While a District Attorney may direct the efforts of an investigator as he sees fit, each county within the district shall pay its proportionate share of an investigator's salary as required by 19 O.S. 215.14 [19-215.14] (1968). The Attorney General has had under consideration your letter of March 28, 1968, requesting an opinion. At the present time District Attorney District No. 18 which includes Pittsburg and Haskell Counties does not have an investigator. Although Pittsburg County is able to provide funds to compensate an investigator, Haskell County is presently without sufficient funds to pay its proportionate share of the expense of such an investigator. In addition, the employment of an investigator would increase the size of the District Attorney staff over the total number employed by the county attorney's offices within the district on the effective date of the District Attorney Act. 1. May a district attorney hire an investigator where one county fails to provide its pro-rata share of such investigators's salary and expenses and where hiring of an investigator would cause the total number of employees of the district attorney's office to exceed the number employed in the county attorney's offices in the district on the effective date of the District Attorney Act, 19 O.S. 215.1 [19-215.1] — 19 O.S. 215.21 [19-215.21] [19-215.21] (1967)? 2. Where one county fails to provide its pro-rata share of the expense of a district investigator, may the district attorney hire an investigator who would be paid by one county and who would work only in that county? 19 O.S. 215.15 [19-215.15] (1967), provides: "Each District Attorney may appoint such assistants, investigators, clerks and stenographers at such salaries and compensation as the District Attorney deems necessary for the proper performance of his duties. The total number of the District Attorneys and Assistant District Attorneys and assistants, investigators, clerks and stenographers shall not exceed a number equal to the number of County Attorneys, and assistants, investigators, clerks and stenographers, employed in the offices of County Attorneys in the counties within said district upon the effective date of this Act; provided, however, the District Attorney may employ additional assistants, investigators, clerks and stenographers, as he can establish the need for and the Board of County Commissioners of the county in which such additional employees will be serving, may approve. Each district shall, at the request of the District Attorney, have at least one District Investigator. . . . " (Emphasis added) In answer to your first question we note Attorney General Opinion No. 67-271, which held: ". . . House Bill No. 591 19 O.S.Supp. Sections 215.1-215.20 provides, in effect, that a District Attorney shall, if he so requests, have at least one District Investigator, and it is not necessary that he establish the need for same to the satisfaction of the County Commissioners of the various counties of his district, nor is it material that the employment of such District Investigator may cause the total number of employees of the District Attorney's office to exceed the number employed in the County Attorney's offices in the district on the effective date of the Act relating to District Attorneys." Regarding the hiring of an investigator to work in no more than one county of the district who would be paid only by that county, we note the relevant portion of 19 O.S. 215.14 [19-215.14] (1967), which provides: ". . . the salaries of all investigators, clerks, secretaries, stenographers, or other employees shall be paid by the counties in the district in the proportion which the population of each county in the district bears to the population of the entire district." While there is no express provision as to where an investigator may or may not work, Section 19 O.S. 215 [19-215],14, supra, is clear as to the compensation of investigators. Generally, the word "shall" is imperative, operating to impose a duty which may be enforced. State ex rel. Ogden v. Hunt, Okl., 286 P.2d 1088. Section 19 O.S. 215.14 [19-215.14] uses the mandatory "shall" in providing that each county of the district pay its proportionate share of such salaries. Therefore, it is the opinion of the Attorney General that your questions be answered as follows: 1. A district attorney may request a district investigator even though such an employment would cause the total number of employees of the district attorney's office to exceed the total number employed by the county attorney's offices within the district prior to the effective date of 19 O.S. 215.1 [19-215.1] — 19 O.S. 215.21 [19-215.21] (1967), and each county is obligated for its proportionate share of the salary. 2. While a district attorney may direct the efforts of an investigator as he sees fit, each county within the district shall pay its proportionate share of an investigator's salary as required by 19 O.S. 215.14 [19-215.14] (1967). (Penn Lerblance) ** SEE: OPINION NO. 75-224 (1975) **